SUMMARY MEMORANDUM AND OPINION; NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILSON EGWUENU,<br><br>            Plaintiff,<br><br>      v.<br><br>JANET NAPOLITANO,<br><br>            Defendant. | Civil Action No. 12-cv-1810 (RLW) |

## MEMORANDUM OPINION[1]

This Court issued an Order to Show Cause to Plaintiff Wilson Egwuenu because it appeared that his complaint failed to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. (Dkt. No. 5). Mr. Egwuenu responded on November 26, 2012. (Dkt. No. 11). However, his response still fails to meet the requirements of the Federal Rules, and accordingly this Court will dismiss the case.

The Court acknowledges that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even *pro se* litigants must comply with the Federal Rules of Civil Procedure. Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987). Mr. Egwuenu filed a previous action in the U.S. District Court for the Southern District of Indiana. See Egwuenu v.

---

[1] This unpublished memorandum opinion is intended solely to inform the parties and any reviewing court of the basis for the instant ruling, or alternatively, to assist in any potential future analysis of the *res judicata*, law of the case, or preclusive effect of the ruling. The Court has designated this opinion as "not intended for publication," but this Court cannot prevent or prohibit the publication of this opinion in the various and sundry electronic and legal databases (as it is a public document), and this Court cannot prevent or prohibit the citation of this opinion by counsel. Cf. Fed. R. App. P. 32.1. Nonetheless, as stated in the operational handbook adopted by our Court of Appeals, "counsel are reminded that the Court's decision to issue an unpublished disposition means that the Court sees no precedential value in that disposition." D.C. Circuit Handbook of Practice and Internal Procedures 43 (2011).

SUMMARY MEMORANDUM AND OPINION; NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS

Potter, No. 11-cv-1395 (S.D. Ind. filed Oct. 18, 2011). A case is "related" to an earlier-filed case if the later-filed case has a "direct factual nexus . . . to the central allegations of the primary case." Tripp v. Executive Office of the President, 196 F.R.D. 201, 202-03 (D.D.C. 2000). After a comparison of the two complaints, which involve nearly identical parties and almost identical factual allegations, this Court finds that such is the case here. Similar to the related case filed by Mr. Egwuenu, in this case Mr. "Egwuenu has failed to produce a legally sufficient complaint. His allegations and claims continue to be broad and conclusory, and on the whole are incoherent." Egwuenu v. Potter, No. 11-cv-1395 (S.D. Ind. Dec. 5, 2012), ECF No. 46. As a result, this Court must dismiss the case. "The dismissal of a complaint on the ground that it is unintelligible is unexceptionable." See, e.g., Robinson-Reeder v. Kearns, 818 F. Supp. 2d 61, 64 (D.D.C. 2011) (citations omitted).

Given the deficiency in Mr. Egwuenu's complaint, it will be dismissed with prejudice for failure to comply with Fed. R. Civ. P. 8(a). Mr. Egwuenu's pending motions (Dkt. Nos. 9, 12, 13) are **DENIED**.

A separate Order of dismissal accompanies this Memorandum Opinion.

SO ORDERED.

Date: December 6, 2012

ROBERT L. WILKINS
United States District Judge

2